Judith E. Dávila (AZ #031200)
Fernando J. Anzaldua (AZ #031185)
National Labor Relations Board, Region 28
2600 N. Central Avenue, Suite 1400
Phoenix, Arizona  85004
Tel:   (602) 416-4760
Fax:  (602) 640-2178
Email:  Judith.Davila@nlrb.gov
            Fernando.Anzaldua@nlrb.gov
Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CORNELE A. OVERSTREET, Regional Director of the Twenty-Eighth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,<br><br>Petitioner,<br><br>v.<br><br>ABSOLUTE HEALTHCARE d/b/a CURALEAF,<br><br>Respondent. | Case No.<br><br>PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED [29 U.S.C. § 160(j)]<br><br>(Oral Argument Requested) |

Cornele A. Overstreet, Regional Director of Region 28 (the Regional Director) of the National Labor Relations Board (the Board), petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)] (the Act), for appropriate injunctive relief pending the final disposition of the matters involved herein pending a decision by the Board, on a complaint issued by the General Counsel (General Counsel) of the Board, alleging, inter alia, that Respondent has engaged in, and is engaging in, acts and

conduct in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. § 158(a)(1) and (3)].  In support of this petition, Petitioner respectfully shows as follows:

    1.    Petitioner is the Regional Director for Region 28 of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

    2.    Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

    3.    (a)    On October 13, 2020, Anissa Y. Keane (Keane), filed a charge with the Board, in Case 28-CA-267540, alleging, inter alia, that Absolute Healthcare d/b/a Curaleaf (Respondent) has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act.  (A copy of this charge is attached as PX 8).[1]

        (b)    On December 28, 2020, Keane filed an amended charge. (A copy of the amended charge is attached as PX 10).

    4.    (a)    The aforesaid charge was referred to Petitioner as Regional Director for Region 28 of the Board.

        (b)    Upon the charge described above in paragraph 3, and after investigation of the charge in which Respondent was given the opportunity to present evidence and legal argument, the General Counsel, on behalf of the Board, pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued a Complaint and Notice of Hearing on January 20, 2021 (Complaint), alleging that Respondent engaged in, and is

---

[1] Petitioner has filed evidence in support of its Petition, contained within an Appendix of Exhibits and the hearing transcript, which includes official Board documents and transcripts.  References to the Appendix of Exhibits and Transcript will be designated as "PX" followed by the appropriate exhibit number, and, as appropriate, the page and line number(s) of the respective exhibit.  All exhibits and the transcript within the appendix have been consecutively numbered at the lower right corner of each page.

engaging in, unfair labor practices as charged within the meaning of Section 8(a)(1) and (3) of the Act. (A copy the Complaint is attached as PX 12).

      (c)    On February 2, 2021, Respondent filed its Answer to the Complaint (Answer), denying the commission of any unfair labor practices. (A copy of Respondent's Answer is attached as PX 13).

      (d)    A hearing before Board administrative law judge Dickie Montemayor (ALJ Montemayor) took place on June 15 and 16, 2021, via the Zoom for Government videoconferencing platform. (PX 1, 2).

      (e)    ALJ Montemayor issued his decision on February 8, 2022 (PX 5), finding that Respondent: (1) created the impression among its employees that their union activities were under surveillance on July 31, 2020, in violation of Section 8(a)(1) of the Act; (2) threatened its employees with losing their tips if they formed a union on July 21, 2020, in violation of Section 8(a)(1) of the Act; (3) promised its employees benefits, including better employee discounts, if they did not form a union on July 21, 2020, in violation of the Act; and (4) discharged Keane on August 28, 2020, in violation of Section 8(a)(3) and (1) of the Act.

    5.    There is reasonable cause to believe that the allegations set forth in the Complaint, as further described below, are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act for which a remedy will be ordered by the Board, but that the Board's order for such remedy will be frustrated without the temporary injunctive relief sought herein.

Petitioner asserts that there is a substantial likelihood of success in prevailing in the underlying administrative proceedings and establishing that Respondent has engaged in, and is engaging in, unfair labor practices in violation of Section 8(a)(1) and (3) of the Act by, inter alia, creating the impression among its employees that their union activities are under surveillance by Respondent; threatening its employees with losing their tips of they form a union; promising its employees benefits, including better employee discounts, if they do not form a union; and discharging Keane because she engaged in concerted and/or Union activities. In support thereof, and of the request for temporary injunctive relief, Petitioner, upon information and belief, shows as follows:

    (a)    At all material times Respondent has been a corporation with an office and place of business in Gilbert, Arizona, herein called Respondent's facility, and has been engaged in operating a cannabis-related dispensary providing adult use and medical marijuana products for its patients and customers.

    (b)    In conducting its operations during the 12-month period ending October 13, 2020, Respondent purchased and received at Respondent's facility goods valued in excess of $50,000 directly from points outside the State of Arizona.

    (c)    In conducting its operations during the 12-month period ending October 13, 2020, Respondent derived gross revenues in excess of $500,000.

    (d)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act [29 U.S.C. § 152(2), (6) and (7)] and has been conducting and transacting business in this judicial district.

      (e)    At all material times, United Food and Commercial Workers Union, Local 99 (the Union) has been a labor organization within the meaning of Section 2(5) of the Act.

      (f)    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act [29 U.S.C. § 152(11)] and agents of Respondent within the meaning of Section 2(13) of the Act [29 U.S.C. § 152(13)]:

| | | |
|---|---|---|
| Stephanie Cade | - | Human Resources Manager |
| Katie Cooke | - | Assistant Store Manager |
| Tyler Neier | - | General Manager |
| Tranika Riley | - | Assistant Store Manager |
| Bryce Scaggs | - | Assistant Store Manager |

      (g)    About July 31, 2020, Respondent, by Stephanie Cade, at Respondent's facility:

      (1)    by telling its employees that she knew they were starting to organize, created an impression among its employees that their union activities were under surveillance by Respondent;

      (2)    threatened its employees with losing their tips if they formed a union; and

      (3)    promised its employees benefits including better employee discounts, if they did not form a union.

      (h)    About August 28, 2020, Respondent discharged its employee Keane.

      (i)      Respondent engaged in the conduct described above in paragraph 5(g) because Keane assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

      (j)      By the conduct described above in paragraphs 5(g) Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

      (k)      By the conduct described above in paragraphs 5(h) and 5(i), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

      (l)      The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

      (m)      The unfair labor practices of Respondent described above have taken place within this judicial district.

6. Respondent's unfair labor practices, described above in paragraph 5, have irreparably harmed, and are continuing to harm, employees of Respondent in the exercise of rights guaranteed them by Section 7 of the Act [29 U.S.C. § 157]. More specifically, Respondent's unfair labor practices have caused the following harm:

      (a)      Respondent's employee has suffered significant economic harm through the loss of work hours, and loss of pay and livelihood as a result of her unlawful discharge due to her concerted and Union activities;

(b) Respondent's unfair labor practices have deprived its employees of the right to freely choose whether they wish to be represented by the Union, thereby depriving employees of the benefits of representation by a union of their choosing; and

(c) Respondent's unfair labor practices have created an atmosphere wherein employees fear retaliation and discharge by Respondent on an ongoing and daily basis if they engage in concerted and Union activities or if they continue to show support for the Union.

7. Upon information and belief, unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board.

8. There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraph 5.

9. Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.

10. In balancing the equities in this matter, if injunctive relief as requested is not granted, the harm to the employees involved herein, to the public interest, and to the purposes of the Act, would clearly outweigh any harm that the grant of such injunctive relief will work on Respondent.

11. Upon information and belief, it may fairly be anticipated that unless Respondent's conduct of the unfair labor practices described in paragraph 5 above is

immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct constituting unfair labor practices, during the proceedings before the Board and during any subsequent proceedings before a United States Court of Appeals, with the predictable result of continued interference with the rights of employees to engage in activities protected by Section 7 of the Act, with the result that employees will be deprived of their Section 7 rights under the Act, inter alia, to form, join, or assist a labor organization or to refrain from any and all such activities, employees will be denied their statutory right to freely express their choice as to representation or to be represented for collective-bargaining purposes by the Union, and the Union will be unable to ever obtain a fair election for certification as the collective-bargaining representative of the Respondent's employees, all to the detriment of the policies of the Act, the public interest, the interest of the employees involved, and the interest of the Union.

12. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and the public interest, and avoiding substantial, irreparable, and immediate injury to such policies and interest, and in accordance with the purposes of Section 10(j) of the Act that, pending final disposition of the matters involved pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct or repetitions thereof, and be ordered to take the affirmative action set forth below in paragraph 2:

WHEREFORE, Petitioner prays:

1. That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any, why an injunction should not issue directing, enjoining, and restraining Respondent, its officers, agents, servants, representatives, successors, and assigns, and all persons acting in concert with them, pending the final disposition of the matters herein pending before the Board, to cease and desist from:

    (a) creating an impression among its employees that their Union and concerted activities are under surveillance by Respondent;

    (b) threatening its employees with losing their tips if they form a union;

    (c) promising its employees benefits, including better employee discounts, if they do not form a union; and

    (f) discharging or otherwise discriminating against employees in order to discourage membership in, or support for, or activities on behalf of the Union and any labor organization;

    (g) discharging or otherwise discriminating against employees for engaging in concerted activities protected by Section 7 of the Act; and

    (h) in any like or related manner interfering with, restraining, or coercing its employees in the exercise of their rights to self organization, to form labor organizations, to join or assist the Union or any labor organization, to bargain collectively through representatives of their own choosing and to engage in other

concerted activities for the purposes of collective bargaining or other mutual aid or protection, or to refrain from any and all such activities

   2. That the Court require Respondent to take the following affirmative actions:

   (a) Within five (5) days of the Court's issuance of the Injunction Order, offer, in writing, Keane interim reinstatement to her former position; or, if that position no longer exists, to a substantially equivalent position without prejudice to seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employees who may have been hired or reassigned to replace her;

   (b) (b) Within five (5) days of this Order, on an interim basis, remove from its files, any and all records of the discharge of Keane, and within three (3) days thereafter, notify her in writing that this was done, and that the discharge will not be used against her in any way;

   (c) Within ten (10) days of the Court's issuance of the Injunction Order: (i) hold one or more mandatory employee meetings at the Gilbert, Arizona facility, on working time and at times when the Employer customarily holds employee meetings, and scheduled to ensure the widest possible employee attendance, albeit with proper social distancing measures due to the COVID-19 pandemic, at which the Order will be read to the bargaining unit employees by a responsible Employer official in the presence of a Board agent or, at the Employer's option, by a Board agent in the presence of a responsible Employer official; (ii) announce the meeting(s) for the order reading in

10

the same manner it would customarily announce a meeting of employees; and (iii) require that all employees of the unit attend the meeting(s);

        (d)    Within five (5) days of the Court's issuance of the Injunction Order, post copies of the Order at the Employer's Gilbert, Arizona facility where notices to employees are customarily posted; said posting shall be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements; all unit employees shall have free and unrestricted access to said postings; and

        (e)    Within twenty (20) days of the Court's issuance of the Injunction Order, file with the Court, with a copy submitted to the Regional Director of Region 28 of the Board, a sworn affidavit from a responsible Employer official, setting forth with specificity the manner in which the Employer has complied with the terms of this decree, including how it has posted the documents required by this order.

    3.    That upon return of said Order to Show Cause, the Court issue an Order Granting Temporary Injunction enjoining and restraining Respondent in the manner set forth above.

    4.    That the Court grant such further and other relief as may be just and proper.

Dated at Phoenix, Arizona, this 9th day of March 2022.

1
2
3
4

/s/ Fernando J. Anzaldua
Fernando J. Anzaldua, Esq.
        On behalf of:
Cornele A. Overstreet, Regional Director
National Labor Relations Board, Region 28
2600 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26