**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornele A. Overstreet, | No. CV-22-00361-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Absolute Healthcare, | |
| Respondent. | |

Before the Court are Petitioner's Motion for Expedited Hearing and Pleading Schedule (Doc. 2), and Motion to Try Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act on the Basis of the Administrative Record, Affidavits, and Other Documentary Evidence (Doc. 4). Respondent objects to both motions (Docs. 8, 9). The Court held oral argument and set a briefing schedule on April 15, 2022, and now grants Petitioner's Motions in part.

## DISCUSSION

Petitioner has brought this action against Respondent seeking an injunction pursuant to Section 10(j) of the National Labor Relations Act (the "Act") pending final disposition of the underlying administrative matter before the National Labor Relations Board ("NLRB") that charges Respondent with engaging in unfair labor practices. Section 10(j) provides in relevant part:

> The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has

>   engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

29 U.S.C. § 160(j).

"To decide whether granting a request for interim relief under Section 10(j) is 'just and proper,' district courts consider the traditional equitable criteria used in deciding whether to grant a preliminary injunction." *McDermott v. Ampersand Publ'g, LLC.*, 593 F.3d 950, 957 (9th Cir. 2010); *see also Frankl v. HTH Corp.*, 650 F.3d 1334, 1355 (9th Cir. 2011). Consequently, Petitioner must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Petitioner requests that this proceeding be tried on the basis of the administrative record that was before the ALJ, including all affidavits and exhibits. (Doc. 4.) Petitioner has included the administrative record as an attachment to the underlying petition. The record includes (1) administrative hearing transcripts and exhibits in the Board proceeding, (2) two affidavits of Anissa Keane ("Ms. Keane"), the employee allegedly terminated for organizing her workplace, and (3) formal administrative documents filed in the NLRB proceeding. (Doc. 1-2 at 2.) Respondent objects, arguing that the Court should consider the exceptions to the ALJ's decision that Respondent filed in the administrative proceeding, and that the Court should allow limited depositions of Petitioner and Ms. Keane. (Doc. 9 at 1.)

Respondent's first objection is not well taken. Respondent's exceptions argue that the ALJ was in error and that the NLRB should overturn his decision. (Doc. 8-1 at 4, 13). In effect, Respondent's exceptions amount to a full merits brief on its liability under the Act. But Respondent can incorporate its exceptions in its Response, where it will be

required to address Petitioner's likelihood of success on the merits in the administrative proceeding as part of the broader issue of whether a temporary injunction should issue. *See HTH Corp.*, 650 F.3d at 1355. Therefore, Respondent has not identified any prejudice that would result from the Court declining to consider its exceptions as part of the administrative record.

Further, the law is unclear on the extent discovery is appropriate in § 10(j) proceedings. As to the first prong of the *Winter* test, considering extra-record evidence would be inappropriate because the Court's role in this procedural posture is to determine whether Petitioner is likely to succeed before the NLRB, not to adjudicate the merits of the controversy. *See HTH Corp.*, 650 F.3d at 1356 ("On a § 10(j) petition, likelihood of success is a function of the probability that the Board will issue an order determining that the unfair labor practices alleged by the Regional Director occurred."). Because the NLRB will only consider the administrative record, the Court should likewise restrict its inquiry when considering whether Petitioner is likely to succeed on the merits. *See Harrell v. Nat. Red Cross, Heart of Am. Blood Servs. Region*, No. 11-1284, 2011 WL 3951860 (C.D. Ill. Sept. 7 2011) (declining to consider extra-record evidence in determining likelihood of success on the merits because "it was not presented to the ALJ and therefore will not be considered by the Board").

But discovery is sometimes appropriate to flesh out the remaining factors the Court must consider. Petitioner's cited cases are largely inapposite. They rely on the proposition that extra-record evidence is inappropriate because the Court's inquiry is limited to deciding whether "reasonable cause" exists to find an unfair labor practice has been committed, and whether the injunctive relief requested is therefore "just and proper." *See, e.g.*, *Dunbar v. Landis Plastics, Inc.*, 977 F. Supp. 169, 176 (N.D.N.Y. 1997). But the Ninth Circuit rejected the "reasonable cause" standard in *Miller v. California Pacific Medical Center*, 19 F.3d 449 (9th Cir. 1994), *abrogated on other grounds as recognized in HTH Corp.*, 650 F.3d at 1355, and has since applied the traditional equitable factors applicable to all injunctions. *HTH Corp.*, 650 F.3d at 1355. As extra-record evidence may

be "relevant to the other factors considered," the Court retains the discretion to order limited discovery in § 10(j) cases to consider the extent of the irreparable harm, balance of hardships, and public interest. *Harrell*, 2011 WL 3951860, at *2.

Respondent seeks to take two depositions to supplement the administrative record. First, it wishes to depose Petitioner to explore issues related to the timing of when the petition was filed. Second, it wishes to depose Ms. Keane to determine whether she has sought alternative employment or otherwise does not wish to return to work for Respondent. As to Respondent's request to depose Petitioner, its request is denied as the Court finds a deposition is not necessary to explore this issue, which is adequately preserved in the administrative record. Should Respondent wish to argue that Petitioner has delayed seeking relief in this Court, it may do so based on the administrative record as it currently stands. Because Petitioner bears the burden of showing injunctive relief is appropriate, it is free to rebut any such arguments in its reply brief and at the scheduled hearing.

As for Ms. Keane, the Court finds a limited deposition is appropriate to explore the issues raised by Respondent. Respondent may depose Ms. Anissa Keane **no later than April 29, 2022**.

**IT IS HEREBY ORDERED** granting in part Petitioner's Motion for Expedited Hearing and Pleading Schedule (Doc. 2) as follows:

1. Respondent's response brief to Petitioner's Motion (Doc. 2) shall not exceed twenty-nine pages and is due by **May 13, 2022**.

2. Petitioner's reply brief to Petitioner's Motion (Doc. 2) shall not exceed seventeen pages and is due by **May 27, 2022**.

**IT IS HEREBY ORDERED** setting this matter for Oral Argument on **June 14, 2022**, at **9:30 AM** in Courtroom 602 Sandra Day O'Connor U.S. Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003-2151. All witnesses shall appear in person.

**IT IS FURTHER ORDERED** granting in part Petitioner's Motion to Try Petition

for Temporary Injunction Under Section 10(j) of the National Labor Relations Act on the Basis of the Administrative Record, Affidavits, and Other Documentary Evidence (Doc. 4).

**IT IS FURTHER ORDERED** that Ms. Anissa Keane shall be deposed by Respondent no later than **April 29, 2022**. The deposition shall not exceed two hours in length and is limited to the precise topics enumerated in Respondent's Opposition. (Doc. 9 at 3:12–17.)

Dated this 21st day of April, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge